**Duane LARKIN, Plaintiff,**

v.

**E. Michael McCANN, District Attorney of Milwaukee County, Wisconsin, et al., Defendants.**

**No. 71–C–671.**

United States District Court,
E. D. Wisconsin.

Jan. 3, 1974.

---

Samson, Friebert, Sutton & Finerty by Robert H. Friebert, Milwaukee, Wis., for plaintiff.

E. Michael McCann, Dist. Atty., Milwaukee, Wis., for Milwaukee County.

James B. Brennan, City Atty. by Joseph H. McGinn, Milwaukee, Wis., for Breier.

Before STEVENS, Circuit Judge, REYNOLDS, Chief District Judge, and GORDON, District Judge.

## DECISION and ORDER

PER CURIAM.

The defendant Wisconsin attorney general has moved to vacate the abatement order previously entered in this case and to dismiss the action. The other defendants have expressed a desire to join in that motion. The plaintiff agrees that the abatement order should be vacated, but he also asks for a declaratory judgment, a permanent injunction and costs. The attorney general has submitted a brief, to which the other defendants have subscribed, but the plaintiff has not.

This action was brought to enjoin prosecutions of the plaintiff, a physician, for performing abortions. The amended complaint asserted that "Sec. 940.04, Wis.Stats. [the criminal abortion statute] has been declared unconstitutional by a three-judge court of the United States District Court for the Eastern District of Wisconsin in the case of Babbitz v. McCann. . . ." Thus, reliance was placed on the prior declaration of unconstitutionality in Babbitz v. McCann, 310 F. Supp. 293 (E.D.Wis.1970) (three-judge court), appeal dismissed, 400 U.S. 1, 91 S.Ct. 12, 27 L.Ed.2d 1 (1970), and only injunctive relief was sought here.

On December 23, 1971, shortly after the original complaint was filed, a temporary restraining order was entered by Judge Gordon, a member of this panel, enjoining the enforcement of § 940.-04(1) of the Wisconsin statutes. On March 16, 1972, an order was entered by the panel staying all proceedings pursuant to 28 U.S.C. § 2284(5); this order followed commencement of an action on behalf of the state in state court to enforce the statute, along with a state restraining order enjoining prosecution under the statute pending resolution of the action.

Prior to resolution of that enforcement proceeding, the United States Supreme Court pronounced the abortion statutes of Texas and Georgia unconstitutional in the cases of Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). In those cases the Court outlined the limited extent to which states could involve themselves in the abortion decision without violating the fourteenth amendment rights of their citizens.

The defendant attorney general recognized Roe and Doe as effective declarations of the Wisconsin statute's invalidity and so stated in an opinion to all state district attorneys on January 31, 1973. On May 14, 1973, his motion for voluntary nonsuit in the state enforcement proceeding was granted. The state judge agreed with the attorney general that the Supreme Court's ruling had mooted the question of the enforceability of the Wisconsin statute.

In view of the termination of the state action, vacation of the stay order is warranted. The only dispute, then, concerns the proper disposition of this federal action.

The defendants urge that the Supreme Court's decisions have made the original issue of this case a moot question. It follows, they contend, that there is no longer a "case" or "controversy" over which this court can assume jurisdiction. U.S.Const. art. 3, § 2. The plaintiff, presumably looking to the fact that the Supreme Court did not deal directly with the Wisconsin statute, suggests that the matter is still properly before the court and that declaratory and injunctive relief are appropriate.

We find the defendants' position persuasive. As previously noted, the only relief requested in the plaintiff's amended complaint was injunctive. His present request for declaratory relief is not pleaded and is not necessary, in view of *Babbitz*. Thus, the only controversy which could exist here concerns the propriety of injunctive relief. However, that controversy surely came to an end with the defendants' recognition that the Wisconsin statute was unenforceable, if not with the Supreme Court decisions themselves.

"When in the course of a trial the matter in controversy comes to an end, either by an act of one or both of the parties or by operation of law, the question becomes moot and the court is without further jurisdiction in the matter." Walling v. Shenandoah-Dives Mining Co., 134 F.2d 395, 396–397 (10th Cir. 1943).

We recognize that there will be no direct official deterrent to prosecution of the plaintiff by the defendants as a result of our action today. For a justiciable controversy to be present, however, there must be a realistic threat of future prosecution. Cf. Southern Pacific Terminal Co. v. I. C. C., 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). There must be a serious potentiality of the defendants continuing their former course. Sears, Roebuck & Co. v. F.T.C., 258 F. 307 (7th Cir. 1919). Such is not the case here. The sweeping scope of *Roe* and *Doe* and their practical effect on the Wisconsin statute is clear. The defendants' concession of that fact is now forthright, and we would have to find bad faith or harassment motives in order to believe that future prosecution under the statute is even remotely possible. Furthermore, dismissal for lack of jurisdiction is not an adjudication of the merits and is without prejudice. Martinez v. Richardson, 472 F.2d 1121, 1126 (10th Cir. 1973). Thus, any attempt to revive prosecution would renew the controversy necessary to revive this court's jurisdiction.

Finally, the plaintiff's request for costs will not be granted. Costs are normally awarded to the prevailing party. Rule 54(d), Federal Rules of Civil Procedure. Although there is arguable authority for a discretionary award of costs following dismissal (see, e. g. 28 U.S.C. § 1919), the plaintiff has failed to present any argument or authorities showing his entitlement thereto.

Therefore, it is ordered that the abatement order entered in this case on March 16, 1972, be and hereby is vacated.

It is also ordered that the defendants' motion to dismiss be and hereby is granted; this action is ordered dismissed.